NEW-YORK,
May, 1831.

Meech
v.
Smith.

## MEECH *vs.* SMITH.

An *agent* renders himself *personally responsible* where he makes a contract upon terms which he knows he has no authority to agree to, although the contract be made in the line of his business as agent.

An *agent* for a *transportation company*, who contracts to transport merchandise, and to receive payment for the same in a *credit* to be given by the person employing him, on a demand against *third persons*, is *personally responsible*, if he had no authority to make such contract, and his principals refuse to *affirm* it, and compel payment of the full price of transportation.

Although the agreement of the agent thus to pay the debt of *third persons* be by *parol*, the *benefit* arising from the contract is a *new* and *sufficient* consideration, to take the case out of the statute of frauds.

A fulfilment of such contract may be enforced against the agent in an action of *assumpsit*.

A *forwarding merchant* is entitled to charge *interest* on his account, where his customer *knows* that such is his ordinary usage.

*It seems* a judgment will not be *reversed* for the error of the court below, in not allowing an item of a demand against the party recovering the judgment, when the only effect of such allowance would have been to *reduce* the amount of the recovery, if the party obtaining the judgment enters a *remittitur* of the amount claimed by the opposite party.

ERROR from the Monroe common pleas. Meech sued Smith in a justice's court, and declared against him in *assumpsit* on the common counts; the defendant pleaded the general issue, and gave notice of set off, and that he would claim damages for the non-performance of a contract relative to the transportation of a quantity of flour, &c. The plaintiff recovered a judgment for $37,64, besides costs, and the defendant appealed to the Monroe common pleas. On the trial in that court the plaintiff proved an account of about $34, for the transportation of a quantity of flour by the plaintiff for the defendant, from Rochester to New-York, in the year 1827. The plaintiff claimed *interest* on his account, and offered to prove the universal custom of forwarding merchants to charge interest upon such accounts; that such custom was well known to the defendant when he contracted with the plaintiff, and that he had settled several accounts of a similar description with the plaintiff, in which interest was charged without objection. The evidence was rejected, and the plaintiff rested. The de-

NEW-YORK,
May, 1831.

Meech
v.
Smith.

fendant proved that in 1826 a contract, *not in writing*, was entered into between him and the plaintiff, as the agent of Dows, Meech & Co., forwarding merchants residing at Albany, that they would transport for the defendant from Rochester to New-York, 480 barrels of flour at $\frac{85}{100}$ per barrel, $\frac{40}{100}$ per barrel to be paid in advance, when the flour left Rochester, and the residue to be applied upon a demand which the defendant held against Horace Meech and John Thayer. The flour was transported in three boats; when the first arrived, on board of which was the quantity of 50 barrels, Dows, Meech & Co. affirmed the contract as to that quantity, and consented to the application of $\frac{45}{100}$ per barrel towards payment of the defendant's demand against Meech & Thayer, but as to the residue, they refused to affirm the contract, and *retained* $\frac{45}{100}$ per barrel out of the produce of the flour. Subsequently there was an *arbitration* between the defendant and Dows, Meech & Co. in which the defendant claimed the $\frac{45}{100}$ retained by them. Meech, the plaintiff in this cause, was upon that occasion called as a witness, and testified that at the time of making the contract with the defendant, he kept a store-house at Rochester on his own account, and was the agent of Dows, Meech & Co. at Rochester, to make contracts in relation to goods and merchandise between New-York and Rochester; that his authority to contract was such as agents of forwarding houses generally have, but that he had no authority to make the particular contract in question; upon which testimony the arbitrators disallowed the claim of the defendant. It was further proved on the trial of the cause, by a clerk of the plaintiff, that the plaintiff, as the agent of Dows, Meech & Co. was in the habit of making contracts for the transportation of merchandise, varying somewhat in the price of transportation, as well as in the time and mode of payment; and that he had sometimes contracted to transport property and receive payment in *horses*, to be used in the business of the firm, which contracts had been uniformly affirmed by Dows, Meech & Co., and in no instance except the present had they refused to ratify the contracts of the plaintiff; that he had never known the plaintiff in any instance, except the present, make a contract by which he agreed to pay the debts of other persons in freight,

nor varying so much from the ordinary custom of transporta- <span>NEW-YORK,<br>May,1831</span>
tion. There was no evidence that any thing had been appli-
ed upon the debt against Meech and Thayer. All the evi- <span>Meech<br>v,<br>Smith.</span>
dence on the part of the defendant was objected to by the
plaintiff *as inadmissable,* under the notice accompanying the
plea, but the objection was overruled, and the plaintiff excepted
After the proofs were closed, the counsel for the plaintiff insist-
ed that the defendant was not entitled to a set off, because, 1st.
admitting that Dows, Meech & Co. were not bound by the
contract of the plaintiff, on the ground of his having exceed-
ed his authority, the plaintiff could be made responsible only
in an action on the case for the deceit ; 2nd. That the con-
tract was virtually an undertaking to pay the debt of third
persons, as it respected $\frac{45}{100}$ per barrel of the price for trans-
portation, and not being *in writing,* was within the statute of
frauds ; and 3d. That the plaintiff being the general agent of
Dows, Meech & Co., and acting within the general scope of
his emyloyment, they were bound by his acts, and might have
been compelled to perform the contract made with the defend-
ant. The court was of opinion against the plaintiff on all these
questions, aud charged the jury that the defendant was enti-
tled to $\frac{45}{100}$ per barrel upon 430 of the barrels of flour trans-
ported, and that after deducting the plaintiff's account from
the amount of set-off thus computed, the defendant was enti-
tled to a verdict for the balance. The plaintiff excepted, and
the jury found a verdict for the defendant, for $116,31 ; up-
on which a judgment was entered for the defendant, and the
plaintiff sued out a writ of error.

*S. L. Selden,* for plaintiff in error.

*N. Bacon,* for defendants in error.

*By the Court,* SAVAGE, Ch. J. The questions are, 1. Was
the plaintiff entitled to interest on his account ? 2d. Was the
contract within the statute of frauds ? 3d. Did the plaintiff
exceed his powers, and was he liable therefor ? 4th. If liable,
is he so in this form of action ?

NEW-YORK, On the question of *interest* I think the court erred. Interest
May, 1831. is always properly chargeable when there is either an express
Meech. or an implied agreement to pay it. The facts offered to be
v. proved are sufficient, in my judgment, to authorize a jury to
Smith, infer that there was an agreement to pay interest; it was the
uniform custom of all those engaged in the same business to
charge interest; it was the custom of the plaintiff to charge
it; he had charged it in former accounts against the defend-
ant, and it had been paid without objection, before the con-
tract was made on which this suit is brought. In the case of
*Trotter* v. *Grant*, 2 Wendell, 415, there was no evidence that
the defendant *knew* the plaintiff's custom to charge interest,
nor had he ever settled an account in which interest was charg-
ed; there were in that case no sufficient facts from which an
agreement to pay interest could be implied, and the account
being unliquidated, interest could not be recovered. The facts
in this case are *different*, and interest should have been al-
lowed.

Was the contract within the statute of frauds? It is a pa-
rol agreement to pay the debt of a third person, and is therefore
within the *terms* of the statute. The rule, however, has long
been settled, that though such a promise be by parol, if it arises
out of some new and original consideration of benefit or harm
moving between the newly contracting parties, it is not a case
within the statute; it then becomes a new and original con-
tract. Such a promise is void in such cases only when the debt
of the third person is the only consideration, or when the new
consideration is not sufficient to support the contract. This
subject has been frequently before this court since the case of
*Leonard* v. *Vredenburgh*, 8 Johns. R. 37; most of the cases were
reviewed in *Farley* v. *Cleveland*, 4 Cowen, 434, in which case,
and indeed in several of the cases, the consideration of the new
promise moved from the original debtor, but that equally sup-
ports the new promise, as a consideration moving between the
newly contracting parties. This rule has been recognized by
all writers on contracts, and has been recognized by the high-
est court in this state; it is therefore as much the law of the
land as the statute itself. The only question, therefore, is
whether the case comes within the rule? There must not only

be a promise, but that promise must be founded upon a new consideration, sufficient in law to sustain the promise. A consideration, to be sufficient at common law, must be either a *benefit* to the party promising, or some *trouble* or *prejudice* to the party to whom the promise is made. 1 Comyn. on Contr. 13. In this case it was a *benefit* to the plaintiff to have employment for his boats engaged in the business of transportation. This was a sufficient consideration.

Although I consider the contract binding between the parties to it, it does not follow that it was so on Dows, Meach & Co., for whom it purported to be made. The agent was authorized to make such contracts as were within the scope of his authority, and according to his own oath, when examined as a witness, he had no authority to make the contract in question. The plaintiff, therefore, exceeded his powers, and of course made himself liable, the contract being a valid one in law.

It is contended that if liable, the plaintiff must be charged in an action on the case; such an action, I apprehend, could not be sustained. There has been no *tort* committed; the transaction between these parties was a *contract*, and that contract being valid in law, must be obligatory on some one, either the principal or the agent, and the agent having made it without authority from his principals, they were not bound ; it follows that the agent himself is bound.

I am of opinion, therefore, that the court erred in refusing interest to the plaintiff on his account, or rather, is not submitting the evidence to the jury, as sufficient to justify them in finding an agreement to pay interest. I am also of opinion that there was no error in allowing the defendant's claim by way of set-off. The damages were sufficiently liquidated, and arose upon contract ; and as the cause was commenced before a justice, where the defendant *must* set-off all demands, even greater latitude would be allowed if necessary in applying the doctrine of set-off. The judgment must therefore be reversed, with costs to abide the event, and a *venire de novo* must be awarded by the Monroe common pleas, unless the defendant deducts from his verdict the amount of interest on the plaintiff's account ; and in that event, the judgment is affirmed with single costs.