Edwards, J.
This action was brought for the foreclosure of a mortgage, executed to the plaintiff by his'father, Samuel W. Spencer, on the 16th of December, 1839. It appears from the case that on the 20th of December, 1845, the father, conveyed, the mortgaged premises to the plaintiff by a quitclaim deed. The. counsel for the defendant contends that this caused a merger of the mortgage. It is a well settled rule that'when a greater and a less estate meet in the ..same person equity will- preserve them distinct, provided there is an express or implied intent to do so. (Compton v. Oxenden, 2 Ves., Jr., 264; 4 Bro. Ch. Ca., 403; James v. Morey, 2 Cow., 246.) In this case it appears that simultaneously with the execution of the quit-claim deed the parties executed an instrument in writing, under their hands and seals, in which they declare that the deed shall not operate as a merger of the title to. the .plaintiff under and by virtue of the mortgage to him, except at his election, and there is nothing in the case which shows that .he elected to merge, the incumbrance in the equity of redemption.
The next ground of defence is, that the mortgage was made with an intent to hinder, delay and defraud creditors-In order to establish this the defendant called the plaintiff as a witness, who produced an account containing the items of indebtedness which made up the principal sum secured by the mortgage. The correctness of the charges was positively and unequivocally sworn to, and, except as to one item, there was no testimony offered for the purpose of impugning the accuracy of the statement of the witness. The defendant’s counsel, however, contended that there was inherent evidence of the incorrectness of the account, from the fact that it ran through a number of years, and that it had not been kept in writing. It will be seen, by reference to the account, that the articles mentioned in it are of such a character as the plaintiff may be supposed to have required, and'the amounts charged are reasonable. -The whole account consists of but twelve items, and they are such as might be *205 easily carried in the memory. Again, it was an account between father and son, commencing and continued in a spirit of kindness and accommodation, and with a feeling of mutual confidence between the parties. It is not surprising that under these circumstances the parties should have omitted that caution, both as to the vouchers given and entries made, which is generally used in business transactions between strangers, and such an omission is not sufficient to overcome the positive testimony of the defendant’s own witness.
But is said that the allowance of interest shows a fraudulent interest. In my judgment it is not absolutely necessary to the bona Jides of such an allowance that the charge should be of such a character that it might be recovered in a suit brought by a creditor against his debtor. Interest is always chargeable where there is either an express or implied agreement to pay it. (Meech v. Smith, 7 Wend., 315.) And there are many dealings amongst men in which interest is habitually charged and paid, when it could not be claimed on the ground of strict legal right. These transactions are regarded as fair and just as between the parties, and they cannot be considered fraudulent as to others. Such, in my opinion, is the. character of this transaction.
The next charge which is objected to is that which is made for the use of the clothing works at Mount Morris. It was clearly proved that the mortgagor had the use of the plaintiff’s share in the factory, but it is contended that the amount charged for such use is too high. The plaintiff in his testimony states that his father was to give him what he could afford for the use of the factory, which, at the time of the settlement, he said, was $150 a year. The defendant called another witness, who estimated the yearly value at a much less sum. If the question before us were simply as to the yearly value of the plaintiff’s interest in the premises, I should think that the amount agreed upon between the parties was too high. The question, however, is not whether *206 the charge is too high, but whether it is. fraudulent. It is stated in the supplemental bill, and admitted in the defendant’s answer, that the value of the mortgaged premises was not over $1200, and the whole account, as made up at the time when the mortgage was executed, amounted to $1502.08; so that it was not necessary for the parties to make the charges as high as- they did in order to cover the whole value of the property mortgaged. I do not think that the evidence upon this branch of the case warrants the conclusion that the parties acted with a fraudulent intent.
The judgment of the court below should be affirmed.
Gardiner, Ch. J., and Selden, Allen and Parker, Js., concurred.
Johnson and Rugóles, Js., dissented.
Denio,’J., having been counsel in the case, took no part in the decision.
Judgment affirmed.