ELIZABETH F. CAGGER, Administratrix of PETER CAGGER, deceased, *v.* MARTINUS LANSING.

Part payment on a parol contract for the sale of an interest in land does not take the case out of the statute so as to enable the vendor to sue for the balance.

Where a parol contract for the sale of land by the plaintiff to the defendant having been made, the latter pays a portion of the purchase-money, and thereupon a deed, fully executed, is delivered by the plaintiff to the defendant's brother, upon the agreement that when the defendant pays the balance, his brother shall deliver the deed to him, he agreeing to pay such balance,—*Held*, in an action to recover the sum unpaid, that it was to enforce a parol contract for the sale of land, which was void, and the action could not be maintained.

The deed executed by the vendor cannot be said to contain the terms of the contract, nor can the purchaser be held bound thereby, as it has never been delivered to or accepted by him.

Neither can the action be maintained as for the purchase-money of land actually sold and conveyed; for until the delivery *to the defendant* of the deed, no title passes.

(Argued October 27, 1870; decided February 7, 1871.)

APPEAL from a judgment ordered by the General Term of the Supreme Court, in the third Department, upon a verdict ordered for the plaintiff at circuit.

This is an action to recover the sum of $1,000, balance of the purchase-money of a sale by the plaintiff's intestate, Peter Cagger, of his interest in a certain farm situate in the county of Rensselaer, occupied by the defendant.

It appeared that previous to 1838, Stephen Van Rensselaer had leased or granted the premises in question to Peter W. Witbeck, reserving certain perpetual rents, and the right of re-entry for non-payment. That he willed this right in the land under this instrument to his son, Wm. P. Van Rensselaer, and in 1839 died. Wm. P. Van Rensselaer commenced an action in ejectment to recover possession of the land from the defendant, on the ground of non-payment of the rent under said lease. While the suit was pending he transferred his interest in the suit and in the farm, and all his rights

thereto, to James Kidd and Peter Cagger. Judgment was subsequently recovered against the defendant in the action for the recovery of the premises therein. On the 1st December, 1864, Kidd conveyed all his interest in the farm and all his interest in the lease to Cagger.

The plaintiff gave evidence tending to show, that in September, 1865, the defendant was ejected from his farm on behalf of Cagger, and about a month afterward, in October, 1865, Cagger, with his wife, executed a quitclaim to the defendant of all his interest in the farm, at the agreed price of $5,000. The defendant then paid $4,000 of the $5,000 down, and asked a few days to pay Mr. Cagger the remaining $1,000, and Mr. Cagger granted the time, and delivered the deed to Obadiah E. Lansing, brother of the defendant, to be handed to the defendant when he paid the $1,000. The defendant having failed to pay the amount within the time, this action was brought, and upon Mr. Cagger's death continued by his administratrix.

Among other defences interposed by the defendant, was that the claim of the plaintiff was upon a parol contract made between him and the defendant for the sale of land.

The plaintiff had a verdict ordered at the circuit, which was affirmed at the General Term.

The case is reported below in 57 Barbour.

*Lyman Tremain* and *Anson Bingham,* for the appellant.

*Samuel Hand,* for the respondent.

GROVER, J. The contract between the plaintiff's intestate, and the defendant was for the sale, by the former to the latter, of an interest in land, and was by parol, and consequently void by section 8, volume 2 of the Revised Statutes, 135. Payment by the defendant to the intestate of a part of the purchase-money, did not take the contract out of the statute so as to enable the intestate, or his representatives, to maintain an action thereon for the recovery of the balance of the purchase-money agreed to be paid for the land. (*Van Alstyne*

v. *Wimple*, 5 Cowen, 162; *Baldwin* v. *Palmer*, 10 N. Y., 232.) Payment of this purchase-money by the defendant to the intestate did not make this a valid contract against the former. The other ground, upon which it is claimed by the counsel for the respondent that the contract is valid, is the fact that a deed purporting to convey the interest of the intestate in the land to the defendant was executed by the former, and, by agreement of the parties, was at the time placed in the hands of, or delivered to, a third person, to be by the latter delivered to the defendant, upon payment by him, within a few days, of the sum of $1,000, the balance of the purchase-money, which payment the defendant promised to make. This clearly was a delivery of the deed to the third person, to be delivered to the defendant as the deed of the intestate upon performance by the defendant subsequently of the condition, that is, of paying the money according to the agreement. This was a delivery by the intestate as an escrow, only, had it been made pursuant to a valid contract for the sale of the land. (*Jackson* v. *Catlin*, 2 Johns., 247.) Until performance by the defendant of the condition, no title passed from the intestate to him by virtue of the deed. (*Jackson* v. *Catlin*, *supra*; *Thurman* v. *Booth*, 21 Wend., 267; *Smith* v. *South Royalton Bank*, 32 Vermont, 341.) This furnishes a perfect answer to the position of the respondent's counsel, that the recovery in this case may be sustained upon the ground that it was for lands sold and conveyed by the intestate to the defendant, as no lands nor any interest therein have been sold and conveyed by the latter to the former. The law, as insisted by the counsel for respondent, that the purchase-money agreed by parol to be paid for lands conveyed may be recovered by action, is shown by an unbroken current of authority in this State, from *Shepherd* v. *Little* (14 Johns., 210), to *Hamilton* v. *Gridley*, decided by this Court at the present term. But the facts fail to bring this case within the rule, there having been no conveyance to the defendant. The counsel for the respondent insists that the deed executed by the intestate and

delivered in escrow is a contract for the sale of the land executed by the intestate. This position cannot be sustained. The deed purports to be a conveyance of all the intestate's interest in the premises for a consideration therein expressed of $1,000, but is wholly silent as to the terms of the contract pursuant to which it was made. If delivered to and accepted by the defendant, it would have operated as a conveyance, but it would be resorted to in vain to find evidence of the contract pursuant to which it had been deliverd, as it contains no recitals of any agreement or other reference thereto. No one will contend that a contract for the sale of land, executed by the vendor, is binding upon the purchaser unless the contract is delivered to and accepted by the purchaser as a valid subsisting contract. A delivery in escrow cannot bind the purchaser, although he verbally promises to perform the condition. Until performance and acceptance by the purchaser, he is at liberty to abandon the contract. It is said that this must be regarded as an executed contract by the intestate for the reason that he had done all required on his part, and that all that remained to consummate it, as such, was performance by the defendant. The answer to this is, that what the intestate did, did not constitute a transfer of his title to the defendant; and whether it would result in such transfer depended entirely upon the performance of the condition by him. This never having been performed, and the defendant refusing to perform it, all the acts of the intestate became nugatory. The deed became wholly inoperative, and the rights of the parties the same as though nothing had been done. It was said by the Supreme Court, that it was the defendant's own wrong that the money was not paid; but this may be said in every case where a party fails to perform a contract void by the statute of frauds. The position of the defendant is: true I have not paid the money, but the title has not been conveyed to me, nor has there been any legal contract within the statute for such conveyance. Again it is said by the Court that the defendant may be regarded as estopped from setting up the invalidity of the contract. I can see nothing in the

case sustaining this position. He received nothing whatever under it. True, there was some slight evidence that he received possession of the farm in consequence of it, but it is manifest that this view had no consideration upon the trial, the defendant offered to prove that he was, at the time, and for years before had been, in possession of the farm, and this evidence was rejected as immaterial. Besides, the taking possession would not have estopped him in a court of law from availing himself of the statute, as a defence. This, if true, together with other acts of part performance, might have been held sufficient for a court of equity to enforce specific performance. The court erred in denying the defendant's motion for a nonsuit, upon the ground that the contract being by parol, was void by the statute of frauds. It is unnecessary to examine the other exceptions insisted upon by the appellant's counsel. The judgment appealed from must be reversed, and a new trial ordered, costs to abide event.

Church, Ch. J., and Grover, Peckham and Rapallo, JJ., concur; Allen and Folger, JJ., did not vote; Andrews, J., absent.

Judgment reversed.