Andrews, J.
The contract proved, on the part of the plaintiff, was a parol contract by the defendant assuming to act as agent for the College of Physicians and Surgeons, for the leasing to the plaintiff, for the term of two years, of a store to be occupied" as a drug store.
If the defendant had possessed full authority to lease the premises, or if the contract had been made directly with the trustees of the corporation, it would have been without legal force or validity.
The statute declares that a contract for the leasing of lands for a longer period than one year, unless the contract or some note or memorandum thereof, expressing the consideration, be in writing, shall be void. (2 R. S., 135, § 8.)
A contract void by the statute is void for all purposes. It confers no right and creates no obligation as between the parties to it; and no claim can be founded upon it as against third persons.
It cannot be enforced directly or indirectly. The plain *497 intent of the statute is that no person shall he subjected to-any liability upon an agreement.
The cases of Carrington v. Roots (2 M. & W., 248), and Scorell v. Boxall (1 Y. & J., 396), illustrate both branches of the proposition stated, viz.,.that a, contract, void- by the statute, cannot be enforced indirectly or collaterally between; the parties; and that no right as-against third persons can-be built upon or be upheld by it. ,
Carrington v. Roots was the' case-of a-verbal contract for the sale of a growing crop of 'grass, with liberty to-the purchaser to go on the close, where it grew,.for the purpose of cutting and carrying it away.. It was held that trespass, could not be maintained by the purchaser against the seller' for taking away his horse and cart from the premises, brought there for the purpose of carrying away the grass." Lord Abutger said“The contract cannot be available as a contract at all, unless an action can be brought upon it. The plaintiff now says that the defendant ought not to take his cart, because it was lawfully there under that contract. This is a collateral and incidental mode of. enforcing the contract, though it is not directly sued upon.”
In Scorell v. Boxall the plaintiff had purchased by parol the underwood growing on certain premises; and it was, held that he could not maintain trespass against a wrong-doer for entering upon thé premises and taking it away.
It was claimed by the plaintiff that, although the contract of purchase might be void as between the vendor and vendee, it was good as against the defendant, and that the action might be sustained independently of the statute; but it was held that the action was substantially based on the plaintiff’s, title; and his title resting wholly on the verbal contract, it-could not be maintained.
Whatever the form of the action at law may be, if the-proof of a promise or contract, void by the statute, is essential to maintain it, there can be no recovery.
In Haslock v. Fergusson (7 A. & E., 86) the aetiomwas for money had and received, the proceeds of goods sold, by tire.-; *498 plaintiff to one Mrs. Barnes, on the fraudulent verbal representation by the defendant of her solvency. The goods had been sold by the purchaser, and the money for which the action was brought was paid to the defendant upon a debt owing him by the purchaser.
The objection was taken that the action was founded upon a representation not in writing, and that no action could be maintained upon it under the statute (9 Geo. IV, chap. 14), which enacts that no action shall be brought to charge any person upon or by reason of any representation, as to the credit or character of another, to the intent that such other person may obtain credit, etc., unless the representation be made in writing, signed by the party to be charged therewith.
The objection was sustained by the court, and Lord Denman said: “The plaintiff says that the action is not upon the representation, but for money had and received, and that the representation is a mere medium of proof; the case being that a fraud was committed, in the course of which the representation was made, and that the produce of the goods obtained by such fraud belongs to the plaintiff. But the only fact upon which the case of fraud rested, at the time of offering the evidence, was that the defendant had authorized Hobson (his agent) to give Mrs. Barnes a fair character. We think that a representation, made under these circumstances, within the very terms of the statute, and, therefore, could not be received in evidence unless put into writing.”
Mor is the intent with which the defendant enters into a contract, void by the statute, which he subsequently refuses to perform, material in determining his liability upon it.
Although he never intended to perform it, and expected that the other party would be subjected to inconvenience and loss by relying upon it, his liability is not changed.
That a party was ignorant of the law, or that he confided in the promise of another, and acted upon it to his disadvantage, has never been held to be an answer to the statute.
There is no contract from the violation of which damages, *499 in a legal sense, can arise, where the agreement proved is within the statute. (Cagger v. Lansing, 43 N. Y., 550; Levy v. Brush, 45 id., 589.)
There may be moral wrong in refusing to perform such a contract; but the policy of the statute was protection against false claims, supported by perjury; and the hardship of a particular case should not lead to a decision which would disturb the principle upon which the statute is founded.
In Gallager v. Brunel (6 Cow., 346) it was held that, where goods had been sold by the plaintiff to a third person, upon the promise of the defendant to indorse the note of the purchaser for the price, no action could be maintained against him upon his refusal to make the indorsement, although the promise to indorse was made without an intention to perform it, and for the fraudulent purpose of inducing the sale and delivery of the goods. If, in this case, no question had arisen as to the authority of the defendant, and an action for damages had been brought against the owner of the premises, it could not have been maintained.
The answer would have been perfect, that there was no legal contract out of which the damages could arise.
The action is brought against the agent who made the alleged contract; and the gravamen of the action is the false and fraudulent assertion of an authority to bind the principal, upon which the plaintiff acted to his injury.
It is well settled that one who assumes to act for a principal without authority, and draws another into a contract upon the assumption of such agency, is liable to an action in favor of the party injured.
There has been a diversity of judicial opinion as to the form of action in such a case.
The earlier cases in this State allowed the defendant to be changed in an action of assumpsit upon the contract, treating the assumed agent as principal. The later decisions seem to regard the liability, "in the absence of fraud, as resting upon an implied warranty by the agent of his authority to make the contract into which he entered. (Dusenbury v. Ellis, 3 *500 J. Cases, 70; Meech v. Smith, 7 Wend., 315; Palmer v. Stephens, 1 Den., 480; Madison v. White, 26 N. Y., 118; Collen v. Wright, 8 E. & B., 647.)
If the act of the agent was fraudulent, an action for the deceit is a concurrent remedy with assumpsit. (Madison v. White, supra.)
In either form of action, whether for fraud or on the warranty, the plaintiff is entitled to recover what he has lost by the misrepresentation of the assumed agent, and the damages naturally flowing from it. (White v. Madison, supra; Richardson v. Dunn, 8 C. B. [N. S.], 655; Simons v. Patchell, 7 E. & B., 568.)
In this case it is to be assumed, from the finding of the jury, that the defendant made a contract to lease tbe premises without authority. But the contract was by parol; and if the defendant- had possessed authority to make it, it would have conferred-no right upon the plaintiff.
The plaintiff has not been injured by the misrepresentation, and has lost nothing; for he would have gained nothing if the representation had been true.
He cannot say he was defrauded, and make that the substantive ground of his recovery, because he had no right to rely upon a contract which, when made, the law declared to be void. If he incurred expenses on the faith of the promise, or relying upon the express assurance of the defendant that the corporation would sanction the contract, it is his misfortune ; but it furnishes no ground of action.
The plaintiff is compelled to make the void contract a part of his case in any form of action he may bring, and the statute stands as. a barrier against a recovery.
Ho case has been cited in which this question has been directly decided.
In Madison v. White the defendant, a deputy sheriff, executed, without authority, a premium note in the name of the sheriff, upon taking an insurance upon property held under process. The court treated the action as brought to charge the defendant upon an implied warranty of authority *501 to execute it. The court differed in opinion as to whether the sheriff, under the circumstances, had an insurable interest in the property; but it was assumed that if the note was without consideration the defendant was not liable.
In Meech v. Smith (7 Wend., 315) the defendant made a contract with the plaintiff, as agent for a transportation company, to carry goods for him, upon the agreement that the defendant might apply a part of the freight money upon a debt owing to him by a third person. .
The company repudiated the agreement of the agent, and collected the full freight.
The .defendant sought to set off, against the plaintiff’s demand in the action, the amount of freight he had been compelled to pay the company, which, by the agreement with the plaintiff, was to be applied upon the debt of the defendant. The set-off was opposed on the ground that the agreement proved was void as an agreement to pay the debt of a third person. The court considered the question, and held that the undertaking was an original one, and allowed the set-off. It was not suggested that the agent would have been liable if the undertaking had been within the statute.
I am of opinion that an agent, who falsely represents his authority to make a contract on behalf of another, is not liable in contract or in tort, unless the principal would have been bound by the contract made, if the agent had such authority.
The suggestion on the argument, that the defendant fraudulently-encouraged the plaintiff to expend his money, and that ■ the contract was a device to induce the expenditure and to accomplish that fraud, is not justified by the evidence.
The case was not submitted to the jury upon that theory; nor do I think that, if the suggestion was true, it would change the legal rights of the parties.
The judgment should be reversed and a new trial granted, with costs to abide the event.
All concur.
Judgment reversed.