### NEWTON, Railroad Commissioner, *v.* MANWARRING.

(*Supreme Court, General Term, Fourth Department.*  May 2, 1890.)

**1. MORTGAGES—PRIORITY.**
    A mortgagor conveyed the mortgaged premises to M., and the latter subsequently
    executed a mortgage on the land to plaintiff.  *Held*, that plaintiff, not being a cred-
    itor of the original grantor, could not contest the priority of the first mortgage, in
    the hands of one to whom it had been assigned at the instance of the original
    grantor, on the ground that such assignment was in fraud of creditors.

**2. SAME.**
    The deed to M. having been recorded, plaintiff had notice of a clause in such deed
    by which M. assumed the payment of such prior mortgage.

**3. SAME—MERGER.**
    Although the assignee of such prior mortgage was the wife of the mortgagor,
    there was no merger; the wife having only an inchoate right of dower in the land,
    and the assignment having been made for the purpose of securing her for sums of
    money advanced to the husband.

**4. SAME—INTEREST.**
    The wife was entitled to hold such mortgage as security for interest on such
    loans to her husband, the latter having voluntarily agreed to pay interest.

Appeal from special term, Chenango county.  Action by Warren Newton,
as railroad commissioner of the town of Norwich, against Annie E. Manwar-
ring, to foreclose a mortgage for $6,000 collateral to a bond executed Novem-
ber 15, 1882, by Miles Palmer Newton and wife, which mortgage covered 347
acres of land situate in the towns of New Berlin and Sherburne.  In 1888 the
appellant served an answer, in which she alleged, viz.: "That on the 27th day
of March, 1886, the said Charles W. Lewis, as executor of the last will and testa-
ment of Charles Lewis, deceased, for the sum of $1,280.20 to him in hand paid
by this defendant, or at her request, duly assigned to this defendant the mort-
gage referred to in folio 32 of the complaint, which said mortgage was dated
December 7, 1878, for the sum of $1,000, signed by G. L. Manwarring, Lottie
M. Manwarring, E. F. Manwarring, and Annie E. Manwarring, to Charles
Lewis, which was recorded in Chenango county clerk's office on the 11th day
of December, 1878, in book 86, at page 1; and also, by the same instrument,
assigned the bond of the same date, for the same amount, executed by G. L.
Manwarring and Annie E. Manwarring to said Charles Lewis, and which
bond is principal to the mortgage aforesaid, and delivered the same to her.
This defendant further alleges that she is at this time the owner and holder of
said bond and mortgage, and that they are at the same time valid and subsist-
ing obligations, and that said mortgage is a valid lien upon the lands therein

described, and that said lien is prior and superior to the lien on the same lands described in the plaintiff's mortgage. This defendant, further answering, alleges that there is now due on said bond and mortgage the sum of $1,000, and interest on the same from the 1st day of January, 1882. Wherefore this defendant demands judgment that her said mortgage be adjudged to be a valid and subsisting lien upon the premises therein described, and for the amount above stated, and that any sale made under this foreclosure action shall be subject to this defendant's rights under her said mortgage, with costs of action." The reply of the plaintiff contained only a denial of the allegations contained in the answer. There was an interlocutory judgment decreeing the sale of the premises, and "reserving the questions of issue between the plaintiff and Annie E. Manwarring," entered at a special term in November, 1888. The trial now brought before us was had at a special term in December, 1888. It was found as a fact that in December, 1878, Gilbert L. Manwarring and Eliphalet Manwarring were the owners in fee of the 347 acres and a fraction; and that on the 7th day of December, 1878, to secure their bond in the sum of $1,000 to one Charles Lewis, they and their wives executed a mortgage, which was recorded December 11, 1878, "whereby they granted, bargained, and conveyed the 102 acres and 88 rods of land in New Berlin aforesaid," being a portion of the premises covered by the plaintiff's mortgage. Charles Lewis having died, his executor, Charles W. Lewis, on the 27th of March, 1886, "assigned said bond and mortgage to Annie E. Manwarring, the wife of Eliphalet F. Manwarring, which assignment was duly recorded November 8, 1888, in book of mortgages No. 107, page 92. Shortly after such assignment, said bond and mortgage were delivered to said Annie E. Manwarring, and she has ever since retained them." It was found as a fact, viz.: "That the defendant, Eliphalet F. Manwarring, was not personally liable upon the bond held by the plaintiff. It was agreed between Eliphalet F. Manwarring and his wife, at the time of making this statement, [a settlement between themselves,] that she should have this mortgage, [the Lewis mortgage,] and that he would procure this assignment to her in payment for these sums which she claimed that he owed her, and he acknowledged he owed her." As a conclusion of law, it was found, viz.: "That the referee appointed herein to sell the premises in action shall pay out of the sum of money arising from the sale of the New Berlin land the sum of $440, and the further sum of $35.60, being the defendant's costs and disbursements herein, with interest from this date, into this court, to await the final order of this court in this action, and the balance of the proceeds of the sale of said New Berlin land, so far as the same may be necessary, be paid to the plaintiff upon his judgment herein; the surplus, if any, to be paid into the treasury of Chenango county." The court was requested to find "that Eliphalet F. Manwarring was indebted to his wife for interest upon the several items mentioned, upon those which go to make up the $440, and also upon the $330, from the dates of each, respectively." The court refused, and there was an exception taken. The appellant filed exceptions to the decision. Upon a case containing all "the evidence given upon the trial of the action bearing upon the issues raised by the complaint herein, and the answer thereto of the defendant, Annie E. Manwarring," brings her appeal before us.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Charles A. Fuller*, for appellant.  *Howard D. Newton*, for respondent.

HARDIN, P. J. 1. Plaintiff was not a creditor of Eliphalet Manwarring. He can derive no aid from the doctrine laid down in *Coleman* v. *Burr*, 25 Hun, 240; affirmed, 93 N. Y. 17. It appears in the opinion delivered in that case when before this court that the plaintiff was a judgment creditor of Burr, and that his action was brought to set aside a conveyance made by Burr to his wife "on the ground that such conveyance was without consideration, and

was executed with intent to defraud Burr's creditors." Whatever may have been the intent on the part of Eliphalet Manwarring in making the settlement with his wife for money and property theretofore received of her, and in acknowledging an indebtedness to her of a sum nearly equivalent to the amount due upon the Lewis mortgage, the plaintiff was not in a situation to allege that such settlement, and the transfer of the mortgage in the payment of the sum found due, was fraudulent and void because made to hinder and delay creditors of Eliphalet Manwarring. *Allyn* v. *Thurston*, 53 N. Y. 622; *Briggs* v. *Austin*, 8 N. Y. Supp. 786. So far as the evidence is disclosed in the appeal book, it would have been competent for Eliphalet Manwarring to have taken the money which he had in the Sherburne Bank, and paid off the indebtedness which he was under to his wife; and she with that money, either in her own personal hand, or in the hand of her husband as agent, might have procured an assignment of the Lewis mortgage, and, having done so, the mortgage in her hands would have been a valid security, prior in point of time, prior in point of record, and prior in point of equity to the lien of the plaintiff. It appears in the evidence that Gilbert Manwarring and Eliphalet Manwarring, subsequent to the execution of the Lewis mortgage, conveyed the premises subject to the "Charles Lewis mortgage of $1,000," as well as the Pellett mortgage of $3,500 to M. Palmer Newton; and in the conveyance to him is a clause assuming the payment of such mortgages. As between Miles Palmer Newton and the Manwarrings, the land was chargeable with the payment of the Lewis mortgage, and they had the right to compel the payment thereof out of the land. *Marsh* v. *Pike*, 10 Paige, 595. The obligation of the grantee in the deed inured to the benefit of Lewis, and he was entitled to enforce it, not only against the lands, but against the party thus assuming the payment thereof. *Blyer* v. *Monholland*, 2 Sandf. Ch. 478. When the plaintiff took his mortgage from Miles Palmer Newton, he was informed by the record of the existence of the Lewis mortgage, and of the fact that the purchase by Miles Palmer Newton was subject to the mortgage given to Lewis, and that the payment thereof had been assumed by Miles Palmer Newton. Such was the force of the record.

2. Even if the appellant was only entitled to hold the mortgage as a security for loans and advances of money or property to her husband actually made, she was entitled, as he had voluntarily agreed to pay interest thereof, to hold the same for the amount of the principal, and the interest as well. If it were assumed that the plaintiff was in the situation of a creditor challenging the settlement between the appellant and her husband as fraudulent, still, if the debts were valid and the claims honest against the husband, and he agreed to pay interest thereon, an allowance thereof in a settlement with her would be valid. *Spencer* v. *Ayrault*, 10 N. Y. 202. In delivering the opinion in that case, EDWARDS, J., said, viz.: "In my judgment it is not absolutely necessary to the *bona fides* of such an allowance that the charge should be of such a character that it might be recovered in a suit brought by a creditor against his debtor. Interest is always chargeable where there is either an express or implied agreement to pay it, (*Meech* v. *Smith*, 7 Wend. 315;) and there are many dealings amongst men in which interest is habitually charged and paid when it could not be claimed on the ground of strict legal right. These transactions are regarded as fair and just as between the parties, and they cannot be considered fraudulent as to others." It appears quite clearly from the evidence, as well as the findings of fact made thereon, that the money and property which the husband received from the wife was upon an agreement that the husband should pay for the same to the wife; and according to *Jaycox* v. *Caldwell*, 51 N. Y. 395, "the agreement is for a good consideration, and imposes an equitable obligation upon the husband." It was in that case further held, where a preference was made in good faith, without an intent to defraud, in an assignment for the benefit of

creditors, the preference is valid, and does not vitiate the assignment. We have recently discussed a kindred question in *Ellis* v. *Myers*, 8 N. Y. Supp. 139, and we there cited the case of *Jewett* v. *Noteware*, 17 Wkly. Dig. 438, where an indebtedness that had existed 18 years was secured by a mortgage, together with interest on it; and the court held in that case that, "as the debt was *bona fide*, the judgment creditor could not attack the mortgage."

3. We think there is no force in the suggestion made by the respondent in respect to supposed waste committed by the husband of the appellant upon the premises in question. *First*, there was nothing in the pleadings which charges her with committing any waste; and, *second*, there is no finding that she has committed waste; and, *third*, there is nothing in the evidence which warrants the inference that she is chargeable with having caused any injury to the real estate covered by the Lewis mortgage after she became the owner thereof.

4. The plaintiff had not acquired the legal title to the premises at the time the appellant became the owner of the Lewis mortgage, and he has not, either by his pleadings or by evidence furnished upon the hearing, established facts and circumstances which would charge her with the intentional impairment of the value of the premises upon which the plaintiff's security rests. Our attention is called to *Yates* v. *Joyce*, 11 Johns. 136. That was "an action on the case" for fraudulently removing the property of a judgment debtor, and converting it "with intent to defeat the judgment." We find nothing in that case which aids the respondent.

5. The learned counsel for the respondent insists that the mortgagor "cannot pay the mortgage, and keep it alive, for the purpose of securing another debt in lieu of the extinguished liability." We see nothing in that position which aids the respondent, when applied to the facts before us. It is not found as a fact that Eliphalet Manwarring paid Lewis, the executor, the mortgage; indeed, such fact was not proven. And it is found by the trial judge: "The said Charles Lewis assigned said bond and mortgage to Annie E. Manwarring, the wife of Eliphalet F. Manwarring, which assignment was duly recorded," etc. Nor do we think there was any merger. The appellant did not have the legal title to the property covered by the mortgage. At most, she only had an inchoate right of dower therein; and there is no intention that there should be a merger. On the contrary, the intention was very clear that there should not be a merger, and that she might hold the mortgage as a lien upon the property. Such is apparent from the transaction as disclosed by her upon the trial as a witness called at the instance of the plaintiff, and by the facts as they appear in the findings of the trial judge. In *Spencer* v. *Ayrault*, 10 N. Y. 204, it was said: "It is a well-settled rule that, when a greater and a less estate meet in the same person, equity will preserve them distinct, provided there is an express or implied intent to do so." Judgment reversed on the exceptions, and a new trial ordered, with costs to abide the event. All concur.