KOHART v. BOYLE et al.

(Supreme Court, Appellate Division, Second Department. November 18, 1910.)

SPECIFIC PERFORMANCE (§ 32*)—CONTRACTS ENFORCEABLE—MUTUALITY.

Defendant executed a contract with plaintiff to sell him land, but plaintiff refused to sign the contract until arrangements for the extension of a mortgage thereon, which was nearly due, could be made. This could not be done, and defendant refused to make another contract, based on the existing situation. Held, that plaintiff could not enforce specific performance, as the contract lacked mutuality.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 89–99; Dec. Dig. § 32.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Action for specific performance by Frank C. Kohart against Patrick F. Boyle and Simon Spaide. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

Henry Escher, Jr., for appellant.
Francis Stockton McDivitt, for respondents.

HIRSCHBERG, P. J. The action is brought to procure the specific performance of a contract for the sale of real estate, and we think the record fully justifies the findings, which have resulted in a dismissal of the complaint upon the merits. The parties met at the office of the broker, and the defendants then executed an agreement for the sale of certain real estate to the plaintiff at a specified price, subject to two mortgages, for the sum of $12,250 and $19,250, respectively. The second mortgage, the larger one, was then due and payable, and the plaintiff refused to sign the contract until he could arrange with the holder of such mortgage for an extension of it. The plaintiff failed to procure such an extension, and thereupon sent a letter to the defendant Boyle, stating that he had refused to accept the contract without the extension of the mortgage, and suggesting that a new contract be drawn in compliance with the existing conditions. No such contract was drawn, however, and the action is brought on the theory that the plaintiff may now enforce the contract as signed by the defendants, without regard to the lack of mutuality. His claim is untenable. He cannot enforce a contract which is not binding on himself. In Cagger v. Lansing, 43 N. Y. 550, the court said (page 553):

"No one will contend that a contract for the sale of land, executed by the vendor, is binding upon the purchaser, unless the contract is delivered to and accepted by the purchaser as a valid, subsisting contract. A delivery in escrow cannot bind the purchaser, although he verbally promises to perform the condition. Until performance and acceptance by the purchaser, he is at liberty to abandon the contract."

In Levin v. Dietz, 194 N. Y. 376, 87 N. E. 454, 20 L. R. A. (N. S.) 251, it was held that specific performance of a contract will be denied, in the absence of mutuality of obligation and remedy in both parties to the contract.

The judgment should be affirmed, with costs.