HOME OWNERS' LOAN CORPORATION v. ASHFORD et al.

No. 32395. Nov. 26, 1946.

Rehearing Denied April 24, 1947.

179 P. 2d 905.

Arrington & Miller and Scott Hendon, all of Shawnee, for plaintiff in error.

Blakeney & Blakeney and S. H. Singleton, all of Oklahoma City, I. C. Saunders, of Shawnee, and Ames, Ames & Daugherty, of Oklahoma City, for defendants in error.

WELCH, J. Lena W. Blakeney and husband made an agreement with R. R. Ashford and wife in the early part of 1932 to exchange certain "town" property for certain farm land. A deed was executed by the Blakeneys bearing date of February 1, 1932, to the "town" property, the land here involved, and placed in escrow with written directions to deliver to Ashford when deed was made to Lena W. Blakeney for the Ashford tract charged only with a certain definite indebtedness "and with abstract to date to be delivered to an attorney and on his opinion approving same deliver deed to Ashford and deed to Lena W. Blakeney for the Ashford tract". At the time the Blakeney deed was placed in escrow with the written directions signed by Lena W. Blakeney, the Ashford deed was not left with the escrow agent. Blakeney secured an opinion from the attorney named in the memorandum that the Ashford land was charged with an indebtedness in excess of that mentioned in the memorandum, which opinion was delivered to the escrow agent.

The deed from the Blakeneys to Ashford bearing date of February 1, 1932, was obtained by Ashford and recorded April 30, 1932. A deed from the Ashfords to Lena W. Blakeney bearing date of February 1, 1932, was delivered to B. B. Blakeney and was recorded June 23, 1932. The Blakeneys went into possession of the "farm" property and on February 15, 1933, executed an oil and gas lease to the premises.

The Ashfords took possession of the town property and on April 30th and in May and June, 1932, executed three mortgages to the property, and later in 1933, executed a mineral lease. Ashford talked to the Blakeneys about an omission in the description in his deed and in August, 1932, the Blakeneys executed a correction deed and sent it to the escrow holder to be governed by the previous escrow instructions. This deed was dated August 6, 1932, and was recorded the same day. Blakeney's testimony as to whether he knew the first deed had been delivered before the correction deed was made is contradictory, but it is clear that within a few days he had knowledge of the recordation of the first deed and of a mortgage executed by the Ashfords.

The Ashfords executed a note and mortgage to H. O. L. C. on June 21, 1934, and the mortgage was recorded June 29, 1934.

On June 29, 1934, in other litigation, Blakeneys filed a pleading seeking to cancel Ashford's deed and to quiet title, but H. O. L. C. was not a party to that litigation.

In 1939, H. O. L. C. began this action to foreclose its mortgage, and Blakeneys, being made parties, seek to defeat the mortgage and to quiet title to the land. H. O. L. C. set out that it was in the position of an innocent purchaser, for value and without notice, and that it relied on the record title and Ashford's possession.

In a former trial of this cause the court rendered judgment establishing H. O. L. C.'s mortgage and quieted Blakeney's title, subject to the mortgage lien. Blakeneys appealed and this court, in Blakeney et vir. v. Home Owners' Loan Corporation, 192 Okla. 158, 135 P. 2d 339, on the premise that there was a wrongful delivery of the deed, reversed the judgment and remanded the cause for further proceedings.

After remand, H. O. L. C. filed an amended petition and pleaded that the Blakeneys ratified the delivery of the deed and are estopped to attack the mortgage.

From an adverse judgment rendered upon a second trial H. O. L. C. now

appeals and requests a consideration of the evidence by this court, and especially in the light of their amended pleading.

Although the Blakeney deed to the town property was delivered to Ashford by the escrow holder without the performance of the condition for delivery and without the knowledge of the Blakeneys, the acts and conduct of the Blakeneys in relation to such delivery is to be considered. The condition for delivery was the deliverance of a deed from the Ashfords to the farm property to Mrs. Blakeney charged with a certain indebtedness and after an attorney's approval. The Blakeneys accepted a deed from Ashfords and although advised in an attorney's opinion that the property was charged with an indebtedness in excess of that contemplated in the original agreement, they continued to exercise ownership and control of the property, and in February, 1933, leased the premises for oil and gas. After the Blakeneys had knowledge that Ashfords had recorded their deed and had gone into possession and had executed a mortgage on the property, they remained silent for a period of some years without asserting title on nondeliverance of the deed.

Not only did Blakeneys have knowledge that Ashford had every indicia of ownership, possession and deed, and might injure other persons, but they had knowledge of the execution of a mortgage and that injury was already being done and might continue as to innocent persons, and that things done by the Ashfords would further add to their burden if they expected to recover the premises and cancel the deed. Under such circumstances their failure to act with promptness would indicate satisfaction with the arrangement.

In the case of Oland v. Malson, 39 Okla. 456, 135 P. 1055, it was said:

"The improper delivery of a deed held in escrow may be ratified by the person as to whom the delivery was improper; and such ratification may be shown by the conduct of such party in relation thereto."

The continued silence of the Blakeneys after knowledge that Ashford was in possession under the deed and incurring indebtedness against the property, and the acceptance of the Blakeneys of the fruits of an exchange of the properties, shows an intention to confirm the deed. Such conduct is inconsistent with an intention to disavow the delivery and is sufficient evidence of ratification.

Their acts being such as to constitute ratification of the delivery of the deed to Ashford, H. O. L. C. is entitled to foreclose its mortgage executed by the Ashfords and the trial court erred in not so finding and entering such judgment.

Since the Ashfords did not appeal from the judgment against them, we did not in our former opinion, consider or pass upon that part of the judgment of the trial court which confirmed the title of the Blakeneys against the Ashfords, which question was not involved in the appeal. The judgment as between the Blakeneys and the Ashfords has therefore become final, and our holding that the Blakeneys ratified the deed to the Ashfords in no wise affects their title to the property, but leaves the title in the Blakeneys subject to the H.O.L.C. mortgage.

In a case of equitable congizance, where the judgment of the trial court is against the clear weight of the evidence or contrary to the law applicable thereto, this court will reverse such judgment or decree, and render or cause to be rendered such judgment and decree as the trial court should have rendered. Harjo v. Johnston et al., 187 Okla. 561, 104 P. 2d 985.

The judgment is reversed, with directions to enter judgment for the plaintiff for the foreclosure of the real estate mortgage.

GIBSON, C. J., HURST, V. C. J., and OSBORN, BAYLESS, and DAVISON, JJ., concur.