■ EAGLE ENTERPRISES, INC., Respondent, v BOB GROSS, Appellant.—In an action on a contract to supply water, defendant appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated June 14, 1974, which affirmed a judgment of the Justice Court, Town of Monroe, Orange County, entered November 1, 1973, in favor of plaintiff. Order and judgment reversed, on the law, without costs, and complaint dismissed. This case was submitted to the Justice Court on the following agreed statement of facts: "1. That the Plaintiff herein is a successor in interest to ORCHARD HILL REALTIES, INC., the original sub-divider and owner of the water system which supplies water to the Orchard Hill Subdivision. 2. That Defendant is the successor in title to WILLIAM BAUM and PAULINE BAUM the original grantee from ORCHARD HILL REALTIES, INC., which Deed was dated July 27, 1951 and recorded in the Orange County Clerk's Office on August 3, 1951 in Liber 1203 of Deeds at Page 581. 3. That such original Deed contained the following covenant: 'The party of the first part shall supply to the party of the second part, seasonally, from May 1st to October 1st, of each year, water for domestic use only, from the well located on other property of the party of the first part, and the party of the second part agrees to take said water and to pay to the party of the first part, a fee of Thirty-five ($35.00) dollars per year, for said water so supplied.' 4. The Deed conveying title to the above named Defendant does not contain the aforesaid covenant. 5. That during the period for which the plaintiff seeks to recover for the water made available to the Defendant, the Defendant used none of the water made available." The Appellate Term affirmed the judgment for plaintiff stating, "it appears that the subject covenant is one which runs with the land * * *. Moreover, there has been no showing that the subject covenant imposes an undue restriction on alienation or an onerous burden in perpetuity". While it is the general rule in New York that a covenant to do an affirmative act does not run with the land, exceptions have been made where the covenant, in purpose and effect, substantially alters the legal rights connected with the land and which would otherwise flow from ownership of the land (*Nicholson v 300 Broadway Realty Corp.*, 7 NY2d 240; *Miller v Clary*, 210

NY 127; *Guaranty Trust Co. of N. Y. v New York & Queens County Ry. Co.,* 253 NY 190, 204). However, in those cases in which an affirmative covenant has been enforced against subsequent purchasers because the covenant "touches or concerns the land to a substantial degree" *(Nicholson v 300 Broadway Realty Corp., supra,* p 245), the covenant was *by its terms* subject to a condition which either limited the life of the covenant *(Nicholson v 300 Broadway Realty Corp., supra; Neponsit Property Owners' Assn. v Emigrant Ind. Sav. Bank,* 278 NY 248) or lessened the burden *(Martin v City of Glens Falls,* 27 Misc 2d 925). At bar, no condition is imposed on the obligation to supply water for seasonal use from the grantor's well. It is therefore comparable to a covenant by an owner of a reservoir to supply water, a covenant which was enforced by an English court against subsequent purchasers of the reservoir. That decision was severely criticized by our Court of Appeals which commented that the decision was "practically" overruled because of "The evil and lasting effect of the decision, which would compel all persons who might thereafter become the owners of the reservoir to forever pump and supply water" *(Miller v Clary,* 210 NY 127, 135, *supra,* referring to *Cooke v Chilcott* [L.R. (3 Ch Div) 694]). The covenant at bar is open to the same censure. Although the court's criticism in the *Miller* case was directed at the obligation to supply water, while at bar it is the supplier who is seeking to enforce the covenant, "One cannot enforce a contract not binding upon himself" *(Farago v Burke,* 262 NY 229, 231). We therefore hold, as a matter of law, that the subject covenant to supply water for seasonal use from a well on the supplier's property for an annual fee of $35 does not run with the land, as it imposes too great a restraint on alienation and too onerous a burden in perpetuity. Martuscello, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.