■ HERBERT PLAUT, Appellant, v HGH PARTNERSHIP, Respondent.—Order, Supreme Court, New York County, entered April 19, 1977, granting defendant's motion to dismiss the complaint, in this action to recover $35,000 for services rendered, on grounds of nonjoinder of a necessary party without prejudice to service of an amended complaint upon all necessary parties, unanimously reversed, on the law, with $60 costs and disbursements payable to appellant and defendant's motion to dismiss the complaint denied. Plaintiff seeks compensation for acting as one of two escrowees, each selected by one of the parties, under an escrow agreement between defendant and the United States Department of Health, Education and Welfare (HEW). Special Term dismissed the complaint for the plaintiff's failure to seek recovery against both parties to the agreement. The defendant does not become solely liable to the plaintiff because it chose him. An escrowee acts for all parties having an interest in the fund in escrow *(Farago v Burke,* 262 NY 229, 233). We find Special Term in error, though, because the nonjoinder of a necessary party should be excused when the plaintiff has no other effective remedy and no prejudice is demonstrated (CPLR 1001, subd [b]). HEW is not subject to this State's jurisdiction without a waiver of immunity *(Larson v Domestic & Foreign Corp.,* 337 US 682) and, contrary to defendant's assertion, jurisdiction would not lie in Federal court over it under title 28 (§ 1331, subd [a]) of the United States Code because the cause of action arises from the escrow agreement and not directly under the Federal laws governing HEW *(Robinson v Wichita Falls & North Texas Community Action Corp.,* 507 F2d 245). Defendant also sought dismissal of the complaint for failure to state a cause of action, an issue Special Term did not reach. Granting the complaint and plaintiff's affidavits the most favorable inferences, we conclude that a cause of action is stated, and since Special Term did not treat the motion as one for summary judgment, dismissal at this time would be premature *(Rovello v Orofino Realty Co.,* 40 NY2d 633). Concur—Kupferman, J. P., Lupiano, Capozzoli and Lynch, JJ.