■ MARGARET PADOVANO, Respondent, v ANTHONY PADOVANO, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County (Benson, J.), dated August 10, 1984, as directed that his attorneys pay over to the plaintiff wife's attorneys the sum of $25,000 for the account of the plaintiff, and turn over a $5,000 bond and mortgage made by the defendant to the plaintiff.

Order affirmed insofar as appealed from, with costs, and matter remitted to the Supreme Court, Putnam County, for the entry of an appropriate judgment.

The law imposes upon the holder in escrow "a duty not to deliver the escrow to anyone except upon strict compliance with the conditions imposed" *(Farago v Burke,* 262 NY 229, 233). While it is true that the performance of the condition of an escrow may be waived *(see, Kosinski v Gallt,* 58 Misc 2d 124, 127; 20 NY Jur, Escrow, § 24), there is no indication that the plaintiff here did so. She embarked on a trip to Australia months after the closing date specified in the judgment of divorce. Accordingly, the plaintiff is entitled to the $25,000 together with interest at the statutory rate from August 29, 1983, the date of the closing of the mortgage and title on the marital premises, and the bond and mortgage being held by the defendant's attorney. Lazer, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.