**532**

In re Saul D. MOSHENBERG, Debtor.

Saul D. Moshenberg, Plaintiff,

v.

Rochester Telephone Company; Volvo Car Finance, Inc.; MBNA America; Canandaigua National Bank; M & T Bank; Ontario County Probation; Donn DiPasquale; & Jeffrey Morris, Defendants.

Bankruptcy No. 98–18027 B.
Adversary No. 00–1191 B.

United States Bankruptcy Court, W.D. New York.

Oct. 18, 2002.

Saul D. Moshenberg, Buffalo, NY, Pro Se.

Stephen M. Nagle, Assistant Attorney General, Albany, NY, for The Lawyers' Fund for Client Protection of the State of New York for Defendant Ontario County Probation.

Donn A. DiPasquale, Fairport, NY, Pro Se and for Defendant Jeffrey H. Morris.

Zdarsky, Sawicki & Agostinelli, Mark J. Schlant, of counsel, Buffalo, NY, for the Trustee.

Mark W. Warren, Buffalo, NY, for M & T Bank.

John C. Park, Ontario County Attorney, Canandaigua, NY, for Ontario County.

Lawrence, Werner, et al., Christopher K. Werner, of counsel, Canandaigua, NY, for Canandaigua National Bank.

CARL L. BUCKI, Bankruptcy Judge.

Innumerable are the instances in which attorneys agree to hold funds in escrow, for the benefit of clients or as an accommodation in anticipation of a settlement of disputes. The issue now before this court is whether the escrow holder enjoys an implied right to compensation from the corpus of the account.

Saul D. Moshenberg, the debtor herein, is a former attorney who was previously convicted of grand larceny and scheming to defraud. In 1994, Moshenberg commenced a state court action seeking an accounting and a distribution of the assets of his prior law partnership with Jeffrey H. Morris. Representing Morris was Donn A. DiPasquale, who successfully negotiated a settlement of the action in 1995. Pursuant to the stipulation of settlement, the litigants agreed that DiPasquale would

hold certain funds in escrow for the benefit of four partnership creditors. The stipulation then provided that upon payment of those obligations, "the balance of said funds shall be transferred by Donn A. DiPasquale, Esq., to the Ontario County Department of Probation to further satisfy and/or reimburse Moshenberg's criminal victims pursuant to Moshenberg's obligations to pay said restitution as set forth in an Order of the County Court Justice . . . ."

Moshenberg filed his petition for relief under chapter 7 of the Bankruptcy Code on December 17, 1998, subsequent to his settlement with Morris but before DiPasquale had fully distributed the escrowed funds. Wishing to effect a distribution of those funds to the Probation Department for Ontario County, Moshenberg commenced the present adversary proceeding to determine rights to the escrow. Defendants include Moshenberg's chapter 7 trustee, the unpaid partnership creditors for whose benefit the escrow was established, a judgment creditor that had asserted a lien on the escrowed funds, the bank at which the funds were deposited, the Ontario County Probation Department, Morris, and DiPasquale. Certain of the defendants have failed to answer, and as to them, the plaintiff has taken a default judgment. The remaining litigants have now reported to the court that they have settled all claims against the escrow, other than the claim of Donn A. DiPasquale in his capacity as escrow agent.

By letter dated November 19, 2001, Donn A. DiPasquale itemizes the services that he performed as escrow agent, and asks that the value of those services be allowed as a first charge against the escrow. Altogether, he alleges to have committed 8.8 hours to services having a value of $1,672. To this allowance, the chapter 7 trustee has specifically objected. Because all interested parties have otherwise agreed to a distribution of the escrow, this court may now appropriately resolve this last competing claim to the available funds.

Moshenberg and Morris created the present escrow pursuant to terms of the stipulation of settlement dated November 29, 1995. That stipulation made no provision for the payment of compensation to DiPasquale, for any services rendered as escrow agent. Rather, as quoted above, it precisely identified the parties to whom the entire balance of funds were to be paid. Without any express authorization for payment of his expenses, DiPasquale now apparently asserts some type of implied authorization for an allowance. The nature of an escrow, however, belies any such implication.

The Seventh Edition of Black's Law Dictionary defines escrow to include "property delivered by a promisor to a third party to be held by the third party for a given amount of time or until the occurrence of a condition, at which time the third party is to hand over the document or property to the promisee." The essence of an escrow is that the escrowed item or asset is to be held protectively, and is to be released without alteration or diminishment, upon satisfaction of the stated conditions for its release. Of course, the parties may properly specify that such conditions include the payment of escrow expenses. Without such a provision, however, the escrow agent has no right to payment from the escrow account. *Miller v. J.A. Keeffe, P.C.,* 276 A.D.2d 757, 715 N.Y.S.2d 423 (2nd Dep't.2000).

The law in New York is well stated by New York Jurisprudence 2d:

A depositary or escrow agent has no lien upon the fund or property as compensation for services or expenses in connection with the escrow. His or her position is entirely different from one

who by his or her labor enhances or protects the value of property and thereby is entitled to a possessory lien either by statute or common law; the escrowee is only a custodian and does nothing but hold the property.

55 N.Y. Jur. 2d *Escrows* § 17 (2002).

DiPasquale may well be entitled to receive compensation for his services as escrow agent. *Plaut v. HGH Partnership,* 59 A.D.2d 686, 398 N.Y.S.2d 671 (1st Dep't 1977). Rather in dispute is the proper source of that compensation. In the stipulation of settlement that created the escrow, Morris agreed that upon satisfaction of the stated conditions, he would "direct his attorney, Donn A. DiPasquale, Esq., to pay or release" the funds held in escrow. Arguably, therefore, DiPasquale must look to his client for payment of any expenses as escrow agent. That, however, is an issue not now before this court, but a matter between Morris and DiPasquale. Nonetheless, this court is satisfied that DiPasquale has no valid right to recover his expenses from the escrow. Accordingly, his request for an allowance for fees is denied.

So ordered.