■ GABRIELLE IANNIZZI, Appellant, v TAMER A. SECKIN et al., Respondents. NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, Nonparty Respondent. [772 NYS2d 838]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Pesce, J.), dated October 28, 2002, which denied her motion to vacate a lien of the nonparty, New York City Department of Social Services, in the sum of $229,305.05 for medical assistance against the proceeds of a settlement between the plaintiff and the defendants.

Ordered that the order is affirmed, with costs.

On November 11, 1993, the infant plaintiff was born with neurological impairments allegedly resulting from medical malpractice occurring at the time of her birth. On November 16, 1998, the instant action to recover damages for personal injuries was commenced. The action was settled for $2.5 million and on November 8, 2001, a "preliminary infant compromise order" was entered directing the defendant New York Methodist Hospital to pay $2 million into an insured interest bearing escrow account maintained by the plaintiff's attorney, directing the defendant Dr. Tamer A. Seckin to deposit $500,000 into the insured interest bearing escrow account, and providing that "no withdrawals shall be made from said insured escrow account without further order of this court." That order directed the plaintiff's counsel to "seek to vacate and/or compromise any Department of Social Services lien."

Thereafter the plaintiff's parents were appointed her guardians pursuant to Mental Hygiene Law § 81.25 and by order dated December 13, 2001, they were directed to post a bond in the sum of $2 million. On or about June 19, 2002, after the defendants paid the settlement proceeds into the plaintiff's attorney's escrow account, the plaintiff moved to vacate an alleged Medicaid lien for $257,962.52 which had been served on the plaintiff's parents in October 2001 on the ground that the lien did not comply with the procedural requirements of Social Services Law § 104-b (2). On July 2, 2002, while the motion was pending, the plaintiff's attorneys transferred $2,060,283.70 from the insured interest bearing escrow account to the plaintiff's guardians' accounts without leave of the court.

Thereafter, on July 8, 2001, the New York City Department of Social Services (hereinafter the DSS) served and filed a notice of Medicaid lien for $229,305.05 for the period of time from September 1, 1994, through May 17, 2002, in accordance with the provisions of Social Services Law § 104-b (2). In opposition to the plaintiff's motion to vacate the Medicaid lien served in October 2001, the DSS contended, inter alia, that the notice of lien served and filed on July 8, 2002, complied with the provisions of Social Services Law § 104-b.

The plaintiff contended that the lien served and filed on July 8, 2002, was untimely on the ground that Social Services Law § 104-b (2) provides that a notice of lien pursuant to Social Services Law § 104-b shall not be effective unless "served prior to the payment of any moneys to such injured party." In the order appealed from, the Supreme Court denied the plaintiff's motion on the ground that the settlement proceeds were deposited in escrow, not paid to the plaintiff, and the transfer of funds from escrow to the guardianship accounts was not authorized by the court. We agree.

The payment of the settlement proceeds into the plaintiff's attorneys' escrow account is not payment to the plaintiff. As escrow agents, the plaintiff's attorneys were "obligated to secure the funds and . . . absolutely prohibited from disposing of them unilaterally" (*Takayama v Schaefer,* 240 AD2d 21, 25 [1998]). An escrow agent "becomes a trustee of anyone with a beneficial interest in the trust" (*Takayama v Schaefer, supra* at 25; *Farago v Burke,* 262 NY 229 [1933]).

Further, as escrow agents, the plaintiff's attorneys were duty-bound " 'not to deliver the escrow to anyone except upon strict compliance with the conditions imposed' " (*Takayama v Schaefer, supra* at 25, quoting *Farago v Burke, supra* at 233). Their dispersal of the escrow funds to the plaintiff's guardians

violated this duty and the explicit direction in the preliminary infant's compromise order that "no withdrawals shall be made from said insured interest bearing escrow account without further order of this Court."

The plaintiff's remaining contentions are without merit. Smith, J.P., Goldstein, Mastro and Rivera, JJ., concur.