■ Tyrone Maddox, Respondent, v All One Enterprises et al., Defendants, and Melvin Metzger, Appellant. [820 NYS2d 277]—

In an action, inter alia, to recover damages for breach of an escrow agreement and conversion, the defendant Melvin Metzger appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated October 13, 2005, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

This action, inter alia, to recover damages for breach of an escrow agreement and breach of fiduciary duty arises out of the sale of a residence by the defendant Five Borough, Inc., to the plaintiff, Tyrone Maddox. At the closing, the seller deposited funds into the escrow account of its attorney, the defendant Melvin Metzger, to be disbursed by him as escrow agent for agreed-upon repairs to be made to the premises. Metzger admits that he erroneously released the final $5,000 payment from his escrow account without first obtaining the buyer's approval, as required by the escrow agreement. Metzger tendered that sum to the plaintiff, who refused it. Metzger has now paid the escrow funds into court, and moves for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court denied the motion, and we reverse.

Metzger, as escrow agent, demonstrated his entitlement to judgment as a matter of law by surrendering the balance of the escrow funds to the County Treasurer (*see* CPLR 2601 *et seq.*), since the escrow agreement expressly provides that the seller is obligated to pay the additional cost of repairs in the event that the escrow funds were insufficient. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]).

We note that the plaintiff is not entitled to interest on the escrow money because the agreement did not require that the escrow funds be held in an interest-bearing account (*see Ross v Friedman*, 269 AD2d 584 [2000]). Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.