Parlionas v Parlionas (2023 NY Slip Op 00879)

Parlionas v Parlionas

2023 NY Slip Op 00879

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-02256
 (Index No. 12636/14)

[*1]Margarita Parlionas, respondent,
v
Athanasios Parlionas, appellant.

Coffinas & Lusthaus, P.C., Brooklyn, NY (Maria Coffinas of counsel), for appellant.
Michael Ian Black (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (William A. Viscovich, J.), dated February 14, 2020. The order granted the plaintiff's motion to direct the attorneys for the parties to each disburse the sum of $318,723.93 from their respective escrow accounts to nonparty Evangelia Parlionas.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion to direct the attorneys for the parties to each disburse the sum of $318,723.93 from their respective escrow accounts to nonparty Evangelia Parlionas is denied.
The parties to this matrimonial action were both members of Angie & Margarita Holding, LLC, and Christo & Jimmy Holding, LLC (hereinafter together the limited liability companies), two separate limited liability companies that owned certain real property in Queens. Nonparty Evangelia Parlionas, who is the plaintiff's daughter and the defendant's stepdaughter, was a 20% member of Angie & Margarita Holding, LLC, and a 25% member of Christo & Jimmy Holding, LLC. Pursuant to certain so-ordered stipulations between the parties to this action, the limited liability companies sold their respective parcels of real property on June 29, 2017. Following payment of certain costs and authorized distributions to the parties and their attorneys, the balances from the respective sales were deposited into two separate escrow accounts.
On or about September 3, 2019, the plaintiff moved to direct the attorneys for the parties to each disburse the sum of $318,723.93 from their respective escrow accounts to Evangelia Parlionas, which amount purportedly represented her share of the net proceeds of the sales of the limited liability companies' real property. The Supreme Court granted the motion. The defendant appeals.
"An escrow agent 'becomes a trustee of anyone with a beneficial interest in the trust'" (Iannizzi v Seckin, 5 AD3d 555, 556, quoting Takayama v Schaefer, 240 AD2d 21, 25; see Farago v Burke, 262 NY 229, 233). Further, an escrow agent has a duty not to deliver the monies in escrow except upon strict compliance with the conditions imposed by the controlling agreement (see Farago v Burke, 262 NY at 233; Greenapple v Capital One, N.A., 92 AD3d 548, 549; Iannizzi v Seckin, 5 AD3d at 556).
Here, in opposition to the plaintiff's motion, the defendant submitted evidence establishing that the issue of Evangelia Parlionas's entitlement to a portion of the sales proceeds held in escrow was the subject of contest in an interpleader action in which the parties, Evangelia Parlionas, and the parties' two sons were litigating competing claims to the funds. Since Evangelia Parlionas's share of the sales proceeds had yet to be determined in the interpleader action, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to direct the parties' attorneys to each disburse the sum $318,723.93 from their respective escrow accounts to Evangelia Parlionas. Under the circumstances presented here, the interpleader action is the appropriate forum to resolve the competing claims to the sales proceeds (see CPLR 1006).
BARROS, J.P., MALTESE, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court