Hosannah v Millennium Abstract Corp. (2024 NY Slip Op 04763)

Hosannah v Millennium Abstract Corp.

2024 NY Slip Op 04763

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2021-05955
 (Index No. 510864/18)

[*1]Eugenie Hosannah, etc., appellant, 
v
Millennium Abstract Corp., respondent, et al., defendants. 

Law Offices of K.C. Okoli, P.C., New York, NY, for appellant.
Richland & Falkowski, PLLC, Washingtonville, NY (Daniel Richland of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of an escrow agreement, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated July 30, 2021. The order, insofar as appealed from, granted the motion of the defendant Millennium Abstract Corp. for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the plaintiff's cross-motion which was for the immediate return of the balance in an escrow account plus interest only to the extent of directing the return of the balance in the escrow account without interest.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2014, the plaintiff, as seller, and the defendant Prospect Park Properties, LLC (hereinafter Prospect Park), as purchaser, entered into an agreement for the sale of three adjacent real properties located in Brooklyn. At the time that the plaintiff and Prospect Park entered into the agreement, the three properties were encumbered by mortgages, and each of the properties was the subject of a separate foreclosure action. Despite the existence of the outstanding mortgage loans and the three pending foreclosure actions, the plaintiff and Prospect Park nonetheless sought to close the sale transaction. Therefore, at a closing on August 28, 2014, the plaintiff, Prospect Park, and the defendant Millennium Abstract Corp. (hereinafter Millennium), a title company, entered into an escrow agreement, wherein the plaintiff agreed to deposit with Millennium $2.9 million, the amount necessary to guarantee payment of the mortgage loans in full. Pursuant to the escrow agreement, the plaintiff was required to satisfy the amounts due on the outstanding mortgage loans and provide proof thereof in the form of "satisfaction documents" by February 28, 2015. The purpose of this provision was to allow the plaintiff time to attempt to defend the foreclosure actions, negotiate with the lenders, and resolve the outstanding mortgage loans. In the event that the plaintiff failed to deliver the satisfaction documents by the February 28, 2015 deadline, the escrow agreement permitted Prospect Park and the defendant David Dilmanian, a member thereof, to contact the lenders and/or their agents beginning on March 1, 2015, and to satisfy the amounts due on the mortgage loans, "without any further consent of [the plaintiff]." The plaintiff thereafter failed to deliver the satisfaction documents by the deadline.
More than one year later, in March 2016, the plaintiff's attorney notified Dilmanian [*2]that an unfavorable decision had been issued in one of the foreclosure actions and requested that Dilmanian authorize payment of the amount due on the applicable mortgage loan. Millennium, after receiving written authorization to do so, promptly issued payment to the lender to satisfy the amount due on that mortgage loan. The following month, the plaintiff's attorney wrote to Dilmanian and advised that the two remaining foreclosure actions had been dismissed. Although the plaintiff's attorney "urged [Dilmanian] to conclude that no payments [we]re due to the [lenders]" based on the view of the plaintiff's attorney that the lenders were no longer "able to enforce any claims against [the plaintiff] in . . . respect [to] the properties," the plaintiff's attorney nonetheless indicated that he was still engaging in negotiations with the lenders. In May 2016, Dilmanian, on behalf of Prospect Park, nonetheless provided payoff letters to Millennium and directed Millennium to satisfy the amounts due on the remaining two mortgage loans. Millennium thereafter did so, leaving a balance in the escrow account in the amount of $594,499.54. On May 25, 2016, Millennium sent a check to the plaintiff for that amount, but the plaintiff rejected it and returned it to Millennium.
The plaintiff, individually and as the executrix of her deceased husband's estate, thereafter commenced this action against Millennium, Prospect Park, Dilmanian, and another defendant. The plaintiff asserted causes of action against Millennium, inter alia, for breach of the escrow agreement and breach of fiduciary duty. Millennium subsequently moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff cross-moved, among other things, for the immediate return of the balance in the escrow account in the amount of $594,499.54 plus interest. In the plaintiff's motion papers, she asserted that she was entitled to interest from May 2016 on the balance remaining in the escrow account. In an order dated July 30, 2021, the Supreme Court granted Millennium's motion. The court also granted that branch of the plaintiff's cross-motion which was for the immediate return of the balance in the escrow account plus interest to the extent of directing Millennium to return the balance in the escrow account without interest. The plaintiff appeals.
"An escrow agent becomes a trustee of anyone with a beneficial interest in the trust. Further, an escrow agent has a duty not to deliver the monies in escrow except upon strict compliance with the conditions imposed by the controlling agreement" (Parlionas v Parlionas, 213 AD3d 864, 865 [citations and internal quotation marks omitted]; see Takayama v Schaefer, 240 AD2d 21, 25). "Thus, an escrow agent can be held liable for breach of the escrow agreement and breach of fiduciary duty as escrowee" (Baquerizo v Monasterio, 90 AD3d 587, 587 [internal quotation marks omitted]). In order to impose such liability, a plaintiff "must show [that] the escrow agent breached its duty under the escrow agreement, or breached its fiduciary duties to either the seller or the buyer" (Takayama v Schaefer, 240 AD2d at 25; see Shasha v Gillard, 68 AD3d 972, 973).
Here, Millennium established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not breach the terms of the escrow agreement or breach its fiduciary duty as escrow agent to the plaintiff. Millennium met its prima facie burden by showing that "it properly disbursed [the] escrow funds, in accordance with the terms of [the] escrow agreement," to the lenders to satisfy the mortgage loans "for which the funds had been placed in escrow" (Abrahams v Commonwealth Land Tit. Ins. Co., 81 AD3d 759, 759; see Fulton v Hankin & Mazel, PLLC, 132 AD3d 806, 809; Cash v Titan Fin. Servs., Inc., 58 AD3d 785, 790). In opposition, the plaintiff failed to raise a triable issue of fact (see Abrahams v Commonwealth Land Tit. Ins. Co., 81 AD3d at 759; cf. Shasha v Gillard, 68 AD3d at 973; Cash v Titan Fin. Services, Inc., 58 AD3d at 790). Accordingly, the Supreme Court properly granted Millennium's motion for summary judgment dismissing the complaint insofar as asserted against it.
Moreover, the Supreme Court correctly denied the plaintiff's request for interest on the balance remaining in the escrow account. "[T]he plaintiff [wa]s not entitled to interest on the escrow money because the [escrow] agreement did not require that the escrow funds be held in an interest-bearing account" (Maddox v All One Enters., 30 AD3d 478, 479, citing Ross v Friedman, 269 AD2d 584, 585; cf. Matter of Einhorn, 88 AD2d 95, 96-97).
The plaintiff's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court