United Legwear Co., LLC v All in the Cards, Inc. (2025 NY Slip Op 06557)

United Legwear Co., LLC v All in the Cards, Inc.

2025 NY Slip Op 06557

Decided on November 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 25, 2025

Before: Webber, J.P., Kennedy, González, Higgitt, Michael, JJ. 

Index No. 652523/22|Appeal No. 5231|Case No. 2024-05899|

[*1]United Legwear Company, LLC, Appellant,
v
All in the Cards, Inc., et al., Defendants, Allison Yedid Missry, Defendant-Respondent.

Smith, Gambrell & Russell, LLP, New York (Daniel Q. Horner of counsel) for appellant.
Mark Salem Law P.C., Brooklyn, (Daniel Shimko of counsel) for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered September 9, 2024, which granted defendant Allison Yedid Missry's (defendant) motion to dismiss the complaint against her and denied plaintiff's motion for summary judgment against defendant on the breach of guarantee claim, unanimously affirmed, with costs.
The motion court properly granted defendant's motion to dismiss and denied plaintiff's motion for summary judgment based on plaintiff's execution of a general release of the borrower, the corporate guarantor, and those releasees' officers and shareholders, which includes defendant, without a reservation of rights (see Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 98 [1st Dept 2006], lv denied 8 NY3d 804 [2007]; General Obligations Law §§ 15-104, 15-105[1]). Additionally, because defendant's guarantee does not contain a provision under which she agreed to be bound after the release of the borrower, the unqualified release of the borrower also discharged defendant's obligations under her guarantee (see Becker v Faber, 280 NY 146, 148-149 [1939]).
The motion court properly rejected plaintiff's argument that the release was amended while in escrow to include a reservation of rights against defendant, superseding the original release. "The purpose of an escrow is to assure the carrying out of an obligation already contracted for" (National Union Fire Ins. Co. Pittsburgh, Pa. v Proskauer Rose Goetz & Mendelsohn, 165 Misc 2d 539, 544 [Sup Ct, NY County 1994], affd 227 AD2d 106 [1st Dept 1996]). If an escrow is established, the instrument in escrow becomes irrevocable (see id. at 545; see also Farago v Burke, 262 NY 229, 233 [1933]). Here, the original release recites the consideration as paid and does not contain any conditions precedent to its effectiveness, rendering it effective upon execution and irrevocable, irrespective of whether it was actually placed in escrow. Therefore, the amended release was properly deemed a nullity.
Plaintiff's contention that defendant failed to lay a foundation for the submission of the original release in her motion papers is unavailing. The original release was previously identified and authenticated by codefendant Alex Missry in his reply affidavit submitted in further support of plaintiff's prior motion for summary judgment in lieu of complaint.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 25, 2025